**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF SOUTH CAROLINA**
**AIKEN DIVISION**

| | |
|---|---|
| **RACHEL FRANK** and **DANIELLE COWETTE**, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>**v.**<br><br>**SOUTH AIKEN FITNESS, INC., NORTH AUGUSTA FITNESS, LLC, GGWW LLC, GG EVANS LLC, MUSCLE MEDIA GROUP, INC.** and **TEXTMUNICATION, INC.,**<br><br>Defendants. | Case No.: **1:18-cv-02452-CMC** |

## ANSWER WITH DEFENSES AND CROSS-CLAIM

**COMES NOW** Defendant SOUTH AIKEN FITNESS INC. (herein, "Answering Defendant") and provides the following answers and defenses in response to the First Amended Class Action Complaint [ECF No. 40] (herein, the "Complaint") filed by Plaintiffs RACHEL FRANK and DANIELLE COWETTE (collectively herein, "Named Plaintiffs") on behalf of themselves and the putative class of individuals (together with Named Plaintiffs, the "Plaintiffs"):

### FIRST DEFENSE

Plaintiffs' claims are barred, in whole or in part, by insufficient process and insufficient service of process.

### SECOND DEFENSE

The complaint fails to state a legally cognizable claim against Answering Defendant upon which relief may be granted, and it should be dismissed.

### THIRD DEFENSE

Any harm allegedly suffered by Plaintiffs was caused, in whole or in part, by one or more persons other than Answering Defendant acting not at the direction or in furtherance of the interests of Answering Defendant, and further said acts have been in no way ratified by

**H U G G I N S  P E I L, L L C**
7013 Evans Town Center Blvd., Suite 502
Evans, GA 30809

Answering Defendant

**FOURTH DEFENSE**

Plaintiffs lack standing to assert claims against Answering Defendant as they have suffered no injury-in-fact sufficient to satisfy constitutional standing and Due Process requirements.

**FIFTH DEFENSE**

No act or omission by Answering Defendant was the proximate cause of damage, if any, sustained by Plaintiffs.

**SIXTH DEFENSE**

Plaintiffs are barred and estopped by their own acts or omissions from any recovery or relief in this action.

**SEVENTH DEFENSE**

Plaintiffs are barred from asserting any claims for violations of the Telephone Consumer Protection Act (TCPA) because they expressly consented to receive communications from Answering Defendant and, as of the filing of this answer, have never revoked their consent.

**EIGHTH DEFENSE**

Plaintiffs' claims are barred, in whole or in part, by the doctrine of assumption of the risk.

**NINTH DEFENSE**

Answering Defendant did not act with the knowledge requisite to support the claims asserted in the Complaint.

**TENTH DEFENSE**

Plaintiffs failed to satisfy all conditions precedent to the filing of the Complaint.

**ELEVENTH DEFENSE**

Plaintiffs failed to specifically plead the existence of facts necessary to support their claims.

**TWELFTH DEFENSE**

HUGGINS PEIL, LLC
7013 Evans Town Center Blvd., Suite 502
Evans, GA 30809

**H U G G I N S   P E I L, L L C**
7013 Evans Town Center Blvd., Suite 502
Evans, GA 30809

Plaintiffs' claims, and their proposed class definition, fail to satisfy the prerequisites set forth in FED. R. CIV. P. 23 and the governing judicial authorities.

### THIRTEENTH DEFENSE

The claims asserted in the Complaint are barred by the doctrines of waiver, release, consent, estoppel, and laches.

### FOURTEENTH DEFENSE

Plaintiffs' claims are barred, in whole or in part, by the doctrine of offset.

### FIFTEENTH DEFENSE

The damages requested by Plaintiffs, if awarded, would violate the Constitutional prohibition against excessive fines.

### SIXTEENTH DEFENSE

Plaintiffs' claims against Answering Defendant lack substantial justification and, accordingly, an award of attorneys' fees in favor of Answering Defendant is appropriate.

### SEVENTEENTH DEFENSE

Plaintiffs' claims are barred, in whole or in part, by the doctrines of contributory or comparative negligence.

### EIGHTEENTH DEFENSE

Answering Defendant specifically reserves all defenses which may be available to it based upon the evidence which will be adduced throughout the course of this litigation, and it hereby preserves all such defenses and waives none.

### NINETEENTH DEFENSE

Answering Defendant hereby responds to the numbered averments of the Complaint and hereby denies any allegations of the Complaint not specifically admitted herein:

### RESPONSE TO "INTRODUCTION"

1.    Denied.

### RESPONSE TO "NATURE OF THE ACTION"

2.    Admitted in part and denied in part. Answering Defendant admits: "In an attempt to solicit business, [Answering Defendant] routinely contacts potential gym members

through text messages" when given consent to do so by said individuals. Answering Defendant specifically denies that it possesses or utilizes "automatic telephone dialing equipment." Answering Defendant denies the balance of Plaintiffs' averment.

3.    Denied. Plaintiffs' averment constitutes a legal conclusion, determination of which is the sole province of the Court; accordingly the same is denied.

4.    Denied.

5.    Denied. Plaintiffs' averment constitutes a legal conclusion, determination of which is the sole province of the Court; accordingly the same is denied.

6.    Denied. There do not appear to be any factual allegations contained in this paragraph only a statement of the legal remedies Plaintiffs seek; accordingly the same is denied.

## RESPONSE TO "JURISDICTION AND VENUE"

7.    Admitted in part and denied in part. Answering Defendant admits that this Court has jurisdiction over it based on federal question jurisdiction. Answering Defendant is without sufficient information to form an opinion as to the truth or veracity of the balance of Plaintiffs' averment; accordingly the same is denied.

8.    Admitted.

9.    Admitted in part and denied in part. Answering Defendant admits the first sentence of this averment, but only as it pertains to Answering Defendant. Answering Defendant denies that Defendant Gold's Gym of Augusta, South Carolina (Bobby Jones Exp.) has done business in the State of South Carolina, and denies the sentence beginning with "Specifically, both Plaintiffs…" Answering Defendant denies the balance of Plaintiffs' averment.

10.    Admitted in part and denied in part. Answering Defendant admits that it "engage[s] in aggressive marketing strategies, which have included sending bulk mail to over 60,000 addresses in South Carolina" and that said marketing efforts are done "in an attempt to obtain new members" for its gym. Answering Defendant denies the balance of Plaintiffs' averment.

H U G G I N S   P E I L, L L C
7013 Evans Town Center Blvd., Suite 502
Evans, GA 30809

HUGGINS PEIL, LLC
7013 Evans Town Center Blvd., Suite 502
Evans, GA 30809

**RESPONSE TO "PARTIES"**

11.    Admitted.

12.    Admitted.

13.    Admitted.

14.    Admitted in part and denied in part. Answering Defendant denies that North Augusta Fitness, LLC is a corporation. Answering Defendant admits the balance of Plaintiffs' averment.

15.    Admitted in part and denied in part. Answering Defendant denies that GGWW, LLC is a corporation. Answering Defendant admits the balance of Plaintiffs' averment.

16.    Admitted in part and denied in part. Answering Defendant denies that GG Evans, LLC is a corporation. Answering Defendant admits the balance of Plaintiffs' averment.

17.    Admitted.

18.    Admitted.

19.    Admitted in part and denied in part. Answering Defendant admits that Shaun Smith owns twenty-five percent (25%) of the shares of South Aiken Fitness, Inc.; a twenty-five percent (25%) membership interest in and to North Augusta Fitness, LLC and GGWW LLC; and a fifty percent (50%) membership interest in GG Evans LLC. Answering Defendant denies the balance of Plaintiffs' averment.

20.    Admitted in part and denied in part. Answering Defendant admits that it and North Augusta Fitness LLC conducted business in the State of South Carolina and within this judicial district. Answering Defendant denies the balance of Plaintiffs' averment.

**RESPONSE TO "THE TELEPHONE CONSUMER PROTECTION ACT OF 1991 (TCPA), 47 U.S.C. §§ 227 *et seq.*"**

21.    Admitted.

22.    Denied. Plaintiffs' averment constitutes a legal conclusion, determination of which is the sole province of the Court; accordingly the same is denied.

23.    Denied. Plaintiffs' averment constitutes a legal conclusion, determination of which is the sole province of the Court; accordingly the same is denied.

**HUGGINS PEIL, LLC**
7013 Evans Town Center Blvd., Suite 502
Evans, GA 30809

24.    Denied. Plaintiffs' averment constitutes a legal conclusion, determination of which is the sole province of the Court; accordingly the same is denied.

25.    Denied. Plaintiffs' averment constitutes a legal conclusion, determination of which is the sole province of the Court; accordingly the same is denied.

26.    Denied. Plaintiffs' averment constitutes a legal conclusion, determination of which is the sole province of the Court; accordingly the same is denied.

27.    Denied. Plaintiffs' averment constitutes a legal conclusion, determination of which is the sole province of the Court; accordingly the same is denied.

**RESPONSE TO "FACTUAL ALLEGATIONS"**

28.    Admitted in part and denied part. Answering Defendant admits that Plaintiff Rachel Frank does not currently have a membership agreement with Answering Defendant. Answering Defendant is without sufficient information to form an opinion as to the truth or veracity of Plaintiffs' averment regarding all Gold's Gym locations nationwide; accordingly the balance of Plaintiffs' averment is denied.

29.    Admitted in part and denied in part. By way of further answer, Answering Defendant admits the following: *On September 19, 2017, Ms. Frank visited South Aiken Fitness, Inc. d/b/a Gold's Gym of Aiken, South Carolina. During her visit, Ms. Frank filled out information for a guest pass. The guest pass required Ms. Frank to insert her cellular phone into a form. Ms. Frank provided her (612) cellular phone number, unchecked a pre-populated box that provided language demonstrating that the signatory opts in to text messages from Gold's Gym, and signed directly underneath. By unchecking this pre-populated box, Frank indicated that she did not consent to receive any text messages from Answering Defendant.* The balance of Plaintiffs' averment not specifically admitted above is denied.

30.    Admitted.

31.    Admitted.

32.    Admitted in part and denied in part. Answering Defendant admits that on September 25, 2017, Ms. Frank visited South Aiken Fitness, Inc. Answering Defendant denies the balance of Plaintiffs' averment. By way of further answer, on September 25, 2017, Ms.

HUGGINS PEIL, LLC
7013 Evans Town Center Blvd., Suite 502
Evans, GA 30809

Frank purchased a new guest pass and signed a new form indicating that she consented to receive text messages.

33.    Denied. Answering Defendant is without sufficient information to form an opinion as to the truth or veracity of Plaintiffs' averment.

34.    Denied. Answering Defendant is without sufficient information to form an opinion as to the truth or veracity of Plaintiffs' averment.

35.    Denied. Answering Defendant is without sufficient information to form an opinion as to the truth or veracity of Plaintiffs' averment.

36.    Denied. Answering Defendant is without sufficient information to form an opinion as to the truth or veracity of Plaintiffs' averment.

37.    Denied. By way of further answer, Answering Defendant denies that an Automatic Telephone Dialing System ("ADTS") was used or that there is evidence of its use and further denies the inference that there was no manual delivery by human intervention. Answering Defendant is without sufficient information to form an opinion as to the truth or veracity of the remainder of Plaintiffs' averment; accordingly the same is denied.

38.    Admitted in part and denied in part. By way of further answer, Answering Defendant admits the following: *On September 25, 2017, Ms. Cowette visited South Aiken Fitness, Inc. d/b/a Gold's Gym of Aiken, South Carolina. During her visit, Ms. Cowette filled out information for a guest pass. The guest pass required Ms. Cowette to insert her cellular phone into a form. Ms. Frank provided her (612) cellular phone number, checked a pre-populated box indicating her consent to receive text communications from Gold's Gym, and signed directly underneath.* The balance of Plaintiffs' averment not specifically admitted above is denied.

39.    Admitted in part and denied in part. Answering Defendant admits all of the averments in this paragraph provided the following language is removed: "However, despite a lack of consent"; which said averment it specifically denies.

40.    Admitted in part and denied in part. Answering Defendant admits that it received a text message from Plaintiff Cowette stating "I opted out of receiving text message.

**HUGGINS PEIL, LLC**
7013 Evans Town Center Blvd., Suite 502
Evans, GA 30809

Thanks." Answering Defendant denies the truth of that statement and the balance of Plaintiffs' averment.

41.    Denied. Answering Defendant is without sufficient information to form an opinion as to the truth or veracity of Plaintiffs' averment.

42.    Denied. Answering Defendant is without sufficient information to form an opinion as to the truth or veracity of Plaintiffs' averment.

43.    Denied. Answering Defendant is without sufficient information to form an opinion as to the truth or veracity of Plaintiffs' averment.

44.    Denied. By way of further answer, Answering Defendant denies that an Automatic Telephone Dialing System ("ADTS") was used or that there is evidence of its use and further denies the inference that there was no manual delivery by human intervention. Answering Defendant is without sufficient information to form an opinion as to the truth or veracity of the remainder of Plaintiffs' averment; accordingly the same is denied.

45.    Denied. Answering Defendant is without sufficient information to form an opinion as to the truth or veracity of Plaintiffs' averment.

46.    Denied. Answering Defendant is without sufficient information to form an opinion as to the truth or veracity of Plaintiffs' averment.

47.    Denied.

48.    Admitted in part and denied in part. Answering Defendant admits the following: *"defendants South Aiken Fitness, Inc., North Augusta Fitness, LLC, GGWW LLC and GG Evans LLC, through their [authorized agent] Shaun Smith, entered into a service agreement with defendant Muscle Media Group, LLC"* for the latter to be their marketing agent and *prepare several marketing campaigns, including the creation of text messaging that aligns with Answering Defendant's email marketing campaign.* The balance of Plaintiffs' averment not specifically admitted above is denied.

49.    Admitted.

50.    Admitted in part and denied in part. Answering Defendant admits that Muscle Media Group, LLC subcontracted with Textmunication, Inc. to create and send text messages

soliciting potential customers for Answering Defendant. The balance of Plaintiffs' averment not specifically admitted above is denied.

51.     Denied. Answering Defendant is without sufficient information to form an opinion as to the truth or veracity of Plaintiffs' averment.

52.     Denied. Answering Defendant is without sufficient information to form an opinion as to the truth or veracity of Plaintiffs' averment.

53.     Denied. Plaintiffs' averment constitutes a legal conclusion, determination of which is the sole province of the Court; accordingly the same is denied.

## RESPONSE TO "CLASS ACTION ALLEGATIONS"

54.     Denied. By way of further answer, Answering Defendant offers no opinion as to the manner in which Plaintiffs intend to assert their claims. Answering Defendant denies that Plaintiffs possess a valid legal basis to advance individual claims, or class claims, against Answering Defendant.

55.     Denied. By way of further answer, Answering Defendant offers no opinion as to the manner in which Plaintiffs intend to assert their claims. Answering Defendant denies that Plaintiffs possess a valid legal basis to advance claims against Answering Defendant in the defined class or individually.

56.     Denied. By way of further answer Plaintiffs' class is defined in terms of success on the merits, constitutes an impermissible fail-safe class, and therefore contains zero members.

57.     Denied.

58.     Denied. By way of further answer, Answering Defendant offers no opinion as to the manner in which Plaintiffs intend to assert their claims. Answering Defendant denies that Plaintiffs possess a valid legal basis to recover any form of legal or equitable relief.

59.     Denied.

60.     Denied.

61.     Denied.

62.     Denied.

**HUGGINS PEIL, LLC**
7013 Evans Town Center Blvd., Suite 502
Evans, GA 30809

63.     Answering Defendant is without sufficient information to form an opinion as to the truth or veracity of Plaintiffs' averment.

64.     Denied.

65.     Denied.

**RESPONSE TO "FIRST CAUSE OF ACTION"**

66.     Answering Defendant incorporates by reference each of the preceding defenses, responses, and denials as if each was fully restated hereunder.

67.     Denied.

68.     Denied. By way of further answer, Answering Defendant asserts that each text message it caused to be sent to Plaintiffs required human intervention and that it does not possess the capability to send text messages in bulk.

69.     Denied. By way of further answer, Answering Defendant asserts that each text message it caused to be sent to Plaintiffs required human intervention and that it does not possess the capability to send text messages in bulk.

70.     Denied.

71.     Denied.

72.     Denied.

73.     Denied. By way of further answer, Answering Defendant offers no opinion as to the manner in which Plaintiffs intend to assert their claims. Answering Defendant denies Plaintiffs are entitled to any equitable relief, including injunctive relief.

**RESPONSE TO "SECOND CAUSE OF ACTION"**

74.     Answering Defendant incorporates by reference each of the preceding defenses, responses, and denials as if each was fully restated hereunder.

75.     Denied.

76.     Denied. By way of further answer, Answering Defendant asserts that each text message it caused to be sent to Plaintiffs required human intervention and that it does not possess the capability to send text messages in bulk.

77.     Denied. By way of further answer, Answering Defendant asserts that each text

HUGGINS PEIL, LLC
7013 Evans Town Center Blvd., Suite 502
Evans, GA 30809

message it caused to be sent to Plaintiffs required human intervention and that it does not possess the capability to send text messages in bulk.

78.     Denied.

79.     Denied. Plaintiffs' averment constitutes a legal conclusion, determination of which is the sole province of the Court; accordingly the same is denied.

80.     Denied. Plaintiffs' averment constitutes a legal conclusion, determination of which is the sole province of the Court; accordingly the same is denied.

81.     Denied. By way of further answer, Answering Defendant offers no opinion as to the manner in which Plaintiffs intend to assert their claims. Answering Defendant denies Plaintiffs are entitled to any equitable relief, including injunctive relief.

**RESPONSE TO "PRAYER FOR RELIEF"**

82.     Denied. By way of further answer, Answering Defendant denies that Plaintiffs are entitled to any of the relief requested.

83.     Denied. By way of further answer, Answering Defendant denies that Plaintiffs are entitled to any of the relief requested.

84.     Denied. By way of further answer, Answering Defendant denies that Plaintiffs are entitled to any of the relief requested.

85.     Denied. By way of further answer, Answering Defendant denies that Plaintiffs are entitled to any of the relief requested.

86.     Denied. By way of further answer, Answering Defendant denies that Plaintiffs are entitled to any of the relief requested.

87.     Denied. By way of further answer, Answering Defendant denies that Plaintiffs are entitled to any of the relief requested.

Respectfully submitted,

Dated: February 11, 2019          **HUGGINS PEIL, LLC**

/s/ Jeffrey F. Peil
Jeffrey F. Peil
SC State Bar No. 967902
U.S. District Court ID No. 12957

H U G G I N S   P E I L, L L C
7013 Evans Town Center Blvd., Suite 502
Evans, GA 30809

jpeil@hugginsfirm.com
7013 Evans Town Center Blvd., Suite 502
Evans, Georgia 30809
Telephone: (706) 210-9063

**JOHN J. CZURA P.C.**

/s/ John J. Czura
John J. Czura
GA State Bar No. 202950
john@czuralaw.com
3602 Wheeler Road
Augusta, Georgia 30909
Telephone: (706) 868-5254
*Admitted Pro Hac Vice*

*Attorneys for Defendant South Aiken Fitness, Inc.*

## CROSS-CLAIM

**COMES NOW** SOUTH AIKEN FITNESS INC., a South Carolina corporation (herein, "Cross-Claimant") and files its cross-claim against co-defendants Muscle Media Group, Inc. and Textmunication, Inc. and shows as follows:

## PARTIES

1.      The defenses, responses, and denials contained in the foregoing Answer with Defenses are repeated and incorporated herein.

2.      Upon information and belief, Muscle Media Group, Inc. is a Florida corporation profit corporation with a principal place of business at 1033 N.E. 17th Way, #1702, Fort Lauderdale, Florida 33304. It may be served through its registered agent, United States Corporation Agents, Inc. at its registered office, 13302 Winding Oak Court, Tampa, Florida 33612.

3.      Textmunication, Inc. is a California domestic stock corporation with a principal office at 1940 Contra Costa Blvd., Pleasant Hill, CA 94523. It may be served through its registered agent, Yama Asefi at its registered office, 16 Dickson Ln, Martinez, California 94553.

## JURISDICTION AND VENUE

4.      The Court has supplemental subject matter jurisdiction over Cross-Claimant's claims for common law contribution, indemnification, and breach of contract pursuant to 28 U.S.C. § 1367(a) because the Court has original jurisdiction over the claims raised in Plaintiffs' Complaint and Cross-Claimant's claims are so related that they form part of the same case or controversy under Article III of the United States Constitution.

5.      Cross-Claim Defendants entered into contracts with Cross-Claimant to provide marketing services for Cross-Claimant in South Carolina. As such, there are sufficient minimum contacts with this forum to confer specific personal jurisdiction.

6.      Venue is proper in the Court pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to the claim occurred in this district and the Cross-Claim Defendants are subject to personal jurisdiction in this district.

HUGGINS PEIL, LLC
7013 Evans Town Center Blvd., Suite 502
Evans, GA 30809

**FACTUAL ALLEGATIONS**

7.    On or about December 6, 2017, Cross-Claimant, by and through its manager, Shaun Smith, entered into a Services Agreement with Muscle Media Group, LLC to provide text message marketing services to Cross-Claimant's potential customers (herein, the "Services Agreement"). A true and accurate copy of the Services Agreement is attached hereto as Exhibit "A", and incorporated herein by reference.

8.    Although the Services Agreement lists the relevant party as Muscle Media Group, LLC, no record of any such entity appears to exist with the Florida Secretary of State.

9.    The closest entity listed is Muscle Media Group, Inc., and said listing contains the name Michael Perez, who is the primary contact Smith had at Muscle Media Group, and the address of 1033 N.E. 17th Way, #1702, Fort Lauderdale, Florida 33304, which is less than three miles from the address listed on the Services Agreement (3493 NE 12th Terrace, Oakland Park, FL 33334).

10.    Upon information and belief, Muscle Media Group, Inc. is the proper party to the Services Agreement, and hereafter "Muscle Media Group" shall refer to both entities interchangeably.

11.    In the Services Agreement, Muscle Media Group agreed that it would provide Cross-Claimant with services related to "Email & SMS Marketing" including "Creation of text messaging that aligns with our email marketing campaign."

12.    Muscle Media Group also provided the following warranty: "MUSCLE MEDIA GROUP warrants that the products, services, marketing and advertising provided by MUSCLE MEDIA GROUP comply with all local, state, and federal laws and regulations. . . . The provisions of this Section shall survive termination."

13.    Muscle Media Group agreed to utilize Cross-Claimant's existing prospect management software, known as Club OS, to market to prospects who had opted in to receiving text messaging.

14.    Upon information and belief, Muscle Media Group pulled the records from Club OS, which included the records for Rachel Frank and Danielle Cowette, two individuals who

HUGGINS PEIL, LLC
7013 Evans Town Center Blvd., Suite 502
Evans, GA 30809

had consented to receive text messages.

15.     Upon information and belief, Muscle Media Group sub-contracted the creation of the text messaging campaign with Cross-Claim Defendant Textmunication, Inc.

16.     Although Cross-Claimant did not directly contract with Textmunication, Inc., it did make all payments for services directly to Textmunication, Inc. for the text messaging campaign. By virtue of these direct payments, Textmunication, Inc. owes Cross-Claimant a duty to comply with state and federal laws.

17.     Upon information and belief, Textmunication, Inc. sent text messages to Frank and Cowette from the number 522-36 and 873-65.

18.     Frank and Cowette have alleged, without providing any evidence supporting their contention, that at some point they withdrew their consent to receive text messages and subsequently received text messages from the number 522-36 and 873-65.

19.     If Frank's and Cowette's allegations are true, then Muscle Media Group and Textmunication have failed to "comply with all local, state, and federal laws and regulations" and have breached the Services Agreement.

20.     Frank and Cowette have filed a complaint against Cross-Claimant, alleging violations of the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. 227, for text messages sent to their telephone numbers.

21.     To the extent Frank and Cowette seek to hold South Aiken Fitness, Inc. liable under the TCPA, Cross-Claimant seeks common law indemnification from Muscle Media Group and Textmunication, Inc., as all text messages it personally sent to Frank and Cowette were via means that did not require express consent.

22.     South Aiken Fitness, Inc. has retained the undersigned attorneys to represent it in this action and has agreed to pay its attorneys a reasonable fee for their services.

## **FIRST CAUSE OF ACTION**

### **(Common law contribution and indemnification)**

23.     Cross-Claimant re-alleges the allegations set forth in paragraphs 1 through 22 above, as if fully set forth herein.

HUGGINS PEIL, L.L.C
7013 Evans Town Center Blvd., Suite 502
Evans, GA 30809

24.    The Services Agreement formed a legal and special relationship between Cross-Claimant and Muscle Media Group.

25.    Cross-Claimant's payments directly to Textmunication, Inc. in exchange for text messaging services formed a legal and special relationship between Cross-Claimant and Textmunication, Inc.

26.    These special relationships give rise to a duty for Cross-Claim Defendants to indemnify and hold harmless Cross-Claimant for any damages that Cross-Claimant may suffer in connection with the lawsuit filed by Frank and Cowette.

27.    Plaintiffs allege that they were damaged when they allegedly received text messages from Textmunication, Inc. without prior express consent.

28.    Cross-Claimant's alleged liability to Plaintiffs is solely derivative of Muscle Media Group's and Textmunication, Inc.'s actions.

29.    The damages Plaintiffs allege in their complaint, if any, are a direct result of the actions taken by Muscle Media Group and Textmunication, Inc.

30.    Cross-Claimant is without fault in causing Plaintiffs' alleged damages.

31.    The relationship between Cross-Claimant and Muscle Media Group establishes a right of indemnity in Cross-Claimant regarding the allegation in Plaintiffs' complaint.

32.    The relationship between Cross-Claimant and Textmunication, Inc. establishes a right of indemnity in Cross-Claimant regarding the allegation in Plaintiffs' complaint.

33.    Should Plaintiffs be awarded any sums, including any damages, costs, or attorney's fees against Cross-Claimant, any such liability on the part of Cross-Claimant results from the acts or omissions of Muscle Media Group and Textmunication, Inc.

34.    Should Cross-Claimant have to pay any sums to Plaintiffs, Cross-Claimant is entitled to contribution from Muscle Media Group and Textmunication, Inc. for all sums so paid.

## SECOND CAUSE OF ACTION

### (Common law breach of contract)

35.    Cross-Claimant re-alleges the allegations set forth in paragraphs 1 through 22

**HUGGINS PEIL, LLC**
7013 Evans Town Center Blvd., Suite 502
Evans, GA 30809

above, as if fully set forth herein.

36.     Cross-Claimant and Muscle Media Group entered into a valid and binding contract; namely the Services Agreement.

37.     Cross-Claimant and Textmunication, Inc. entered into a valid and binding contract; namely the agreement that it would send text messages to prospects who had opted in to receiving advertising, in compliance with state and federal laws.

38.     Cross-Claimant performed its obligations under the Agreement, including but not limited to the twin obligations to (1) comply with all local, state, and federal laws; and (2) pay Muscle Media Group $1,060 per month.

39.     If Plaintiffs' allegations are true, specifically that Textmunication, Inc.'s text messages to them were unauthorized and unlawful, Cross-Claim Defendants breached their respective agreements with Cross-Claimant.

40.     As a result of the breaches, Cross-Claimant suffered damages, including damages incurred as a result of Plaintiffs' lawsuit against Cross-Claimant, as well as Cross-Claimant's own attorneys' fees and costs.

### PRAYER FOR RELIEF

**WHEREFORE**, Cross-Claimant South Aiken Fitness, Inc. demands judgment in its favor against Cross-Claim Defendants Muscle Media Group, Inc. and Textmunication, Inc. for damages incurred as a result of Plaintiffs' lawsuit, including the amount of any judgment entered in favor of Plaintiffs against Defendant/Cross-Claimant, as well as Cross-Claimant's own attorneys' fees, costs, interest, penalties, and such further relief as this Court deems just and proper.

Respectfully submitted,

Dated: February 11, 2019          **HUGGINS PEIL, LLC**

/s/ Jeffrey F. Peil
Jeffrey F. Peil
SC State Bar No. 967902
U.S. District Court ID No. 12957
jpeil@hugginsfirm.com
7013 Evans Town Center Blvd., Suite 502

**HUGGINS PEIL, LLC**
7013 Evans Town Center Blvd., Suite 502
Evans, GA 30809

Evans, Georgia 30809
Telephone: (706) 210-9063

**JOHN J. CZURA P.C.**
John J. Czura
GA State Bar No. 202950
john@czuralaw.com
3602 Wheeler Road
Augusta, Georgia 30909
Telephone: (706) 868-5254
*Admitted Pro Hac Vice*

*Attorneys for Defendant South Aiken Fitness, Inc.*

**HUGGINS PEIL, LLC**
7013 Evans Town Center Blvd., Suite 502
Evans, GA 30809

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**CERTIFICATE OF SERVICE**

I hereby certify that on this day I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will automatically send e-mail notification of such filing to all attorneys of record. Additionally, I have placed copies of the foregoing in the United States Mail, with adequate postage affixed thereto, addressed to the following:

**Muscle Media Group, Inc.**

c/o Registered Agent United States Corporation Agents, Inc.

3030 N. Rocky Point Dr. Ste. 150 A

Tampa, FL 33607

**Textmunication, Inc.**

c/o Yama Asefi

16 Dickson Lane

Martinez, CA 94553

By: /s/ Jeffrey F. Peil
Jeffrey F. Peil
*Attorney for Defendant South Aiken Fitness, Inc.*

H U G G I N S P E I L , L L C
7013 Evans Town Center Blvd., Suite 502
Evans, GA 30809